804 F.2d 1250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Mason JONES, Plaintiff-Appellant,
v.
David SAMBERG, Warden; Attorney General of Virginia,
Defendants-Appellees.
 No. 86-6679.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 15, 1986.
Decided Nov. 13, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr. District Judge. (C/A No. 85-759-R)
 Charles Mason Jones, appellant pro se.
 Robert Homer Anderson, Office of the Attorney General of Virginia, for appellees.
 E.D.Va.
 REMANDED AND AFFIRMED AS MODIFIED.
 Before HALL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Mason Jones, a Virginia inmate, seeks to appeal the order of the district court dismissing this petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Jones raised the following allegations in his petition:
 
 
 2
 a. That he was denied the effective assistance of counsel in that his attorney:
 
 
 3
 1. Failed to investigate the facts and law;
 
 
 4
 2. Limited his cross-examination;
 
 
 5
 3. Labored under a conflict of interest, resulting in less than complete loyalty to his client;
 
 
 6
 4. Failed to object to tainted identification testimony;
 
 
 7
 5. Failed to object to the prosecution's misleading statements;
 
 
 8
 6. Failed to have a preliminary hearing transcript available for impeachment purposes;
 
 
 9
 7. Failed to raise on appeal issues that should have been presented;
 
 
 10
 b. That certain identifications were impermissibly suggestive;
 
 
 11
 c. That the prosecutor deliberately created false and misleading impressions and knowingly used perjured testimony;
 
 
 12
 d. That the trial court denied his request for new counsel and his motion for a continuance in violation of his right to due process;
 
 
 13
 e. That his sentence was improperly recomputed after his escape in violation of the prohibition against double jeopardy; and
 
 
 14
 f. That he was denied due process and equal protection at the adjustment committee hearing.
 
 
 15
 The respondents moved to dismiss the petition, asserting that Jones failed to exhaust claims (a)(2) and (a)(6). Jones responded by filing a motion to amend his petition to withdraw these claims. On review, the district court simultaneously granted Jones' motion to amend the petition and dismissed the petition.
 
 
 16
 The district court properly concluded that claims (a)(1), (a)(3), (a)(4), (a)(5), (b), (c), (d), and (e) were subject to procedural default and that Jones did not show sufficient "cause" or "prejudice" under Wainwright v. Sykes, 433 U.S. 72 (1972), to obtain federal habeas review of the merits of these claims.
 
 
 17
 Although the court failed to address claim (a)(7), the record reveals that this claim, like the rest of the claims, except for claim (f), is subject to procedural default and that Jones has not shown sufficient "cause" or "prejudice" under Wainwright to avoid this bar to federal habeas review.
 
 
 18
 As for claim (f), we agree with the district court that this claim has no merit.
 
 
 19
 As for claim (a)(6), the district court, due to confusion in the numerical listing of Jones' claims in the various pleadings, found procedural default on this claim, when it previously had granted Jones' motion to withdraw the claim. We accordingly direct the district court to modify its memorandum to reflect that claim (a)(6) was withdrawn and that claim (a)(7) is subject to procedural default. We grant a certificate of probable cause to appeal and affirm the judgment as modified. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 20
 REMANDED AND AFFIRMED AS MODIFIED.